THE OSCEOLA FERTILIZER COMPANY, a Corporation, *Appellant*, v. J. L. SAULS, *Appellee*.

Division B.

Opinion filed July 31, 1929.

*Latimer C. Farr* and *Leitner & Leitner,* for Appellant;

*W. W. Whitehurst,* for Appellee.

BUFORD, J.—In this case J. L. Sauls, residing on a citrus grove, which he maintains as his homestead in Hardee county, was a judgment debtor of the appellant. The appellant secured levy of execution on the lands where Sauls resided.

The lands were advertised for sale under execution and Sauls filed bill to enjoin the sale claiming the land as his homestead.

The family of Sauls had consisted of a wife and three children, two of which had married and taken up their permanent abode elsewhere. The wife had procured a divorce and by order of the court had also been awarded the custody of the third child, a minor.

It is contended that Sauls is not the head of a family and, therefore, is not entitled to the homestead exemption.

Can it be said that Sauls is not liable for the necessities of life for his minor child, though the custody of such child has been awarded to the mother? The homestead exemption is for the benefit of the head of a family that such head of a family may not be deprived of the means of supplying the necessities of life to those who are because of the standing in the relation of wife or children dependent upon such head of the family for support.

In this case the minor child is absent from the father's roof tree by order of the court, but she and society have the right to demand that he provide her with the necessities

of life and such comforts as her station in life warrant, and the court may take judicial knowledge of the fact that the same authority which has removed the child temporarily from the physical control of the father, may, by the simple process of signing a short order, return her to his roof tree at any time. In Redfern v. Redfern, 30 Ill. 509, it was held, "A husband liable for the support of his children does not lose his homestead in his land by reason of the divorce." In Johns et al. v. Bowden et al., 68 Fla. 32, 66 So. R. 155, the Court say:

"To constitute a 'head of a family' there must be at least two persons who live together in the relation of one family, and one of them must be 'the head' of that 'family.' When the natural relation of husband and wife or parent and child, or that of being *in loco parentis;* does not exist, the relation should be one in which an established and continuing personal authority, responsibility and obligation actually rests upon one as 'the head of a family' for the welfare of the others who in law should or in fact do recognize and observe a family relation to the one as 'the head of a family.' "

In Jetton Lumber Co. v. Hall, 67 Fla. 61, So. R. 440, this Court say:

"We have several times had occasion to refer to and construe this section of the Constitution. See Milton v. Milton, 63 Fla. 533, 58 So. R. 718, wherein we held: 'Organic and statutory provisions relating to homestead exemptions should be liberally construed in the interest of the family home. But the law should not be so applied as to make it an instrument of fraud or imposition upon creditors.' We fully approve of this holding, which is in line with prior decisions. We

have also held that 'who is the head of a family, within the meaning of Section 1, Article X of the Constitution, exempting homesteads from forced sale, must be ascertained from the facts of each case.' DeCottes v. Clarkson, 43 Fla. 29 So. R. 442. See also Caro v. Caro, 45 Fla. 203, 34 So. R. 309.''

In Spear and Goodnight v. Sykes, 102 Tex. 151, 119 So. W. R. 86, the Court held:

''Though a man be divorced from his wife and she entrusted by the decree with the custody of the children and possession of the home, his status as the head of a family is not lost nor his obligations to his children terminated, and his right to a homestead remains.'' (P. 454).

In Roberts v. Moody, 30 Nev. 683, 27 Amer. St. Rep. 426, the Court held:

''Where husband and wife are divorced, and the custody of their minor children is given to her, but he continues to furnish means for the support of such children, he is the head of a family, and entitled to the benefit of the exemption laws.''

In Hall v. Fields, a Texas case reported in 17 So. W. R. 82, the Court say:

''A divorced husband living upon land occupied and used by him as a homestead at the time of the divorce, and set apart to him in the division of the property between himself and his wife when the marriage was dissolved, may claim its exemption from forced sale as the head of a family, although the children do not reside with him, and no matter whose fault occasioned the divorce.''

This Court has held by inference in the case of Johns et al. v. Bowden et al., *supra*, in effect that the father of a minor child situated as is the appellee here could not dispose of the property involved by last will and testament. In this regard the Court say:

"While 'the exemptions' impressed by law upon 'a homestead' 'shall inure to the widow and *heirs* of the party entitled to such exemptions,' the homestead property may be alienated by deed or mortgage, and may be disposed of by last will and testament, if there be no widow or child of 'the holder' of the homestead."

And so it is that the order of the court overruling the demurrer interposed to the bill of complaint should be affirmed and it is so ordered.

WHITFIELD, P. J. (concurring):

The question presented is whether the complainant is "the head of a family" within the meaning of the homestead exemption article of the Constitution. It appears that for a long period prior to the time when the judgment was obtained, husband, wife and children had lived on the country place as the family home, but when the judgment was rendered the family were residing in a nearby town so the children could attend school, the husband at all times attending the home place to support the family therefrom; while the family were residing in town and the husband on the country place, two children married and moved away; husband and wife were divorced and the minor child was awarded to the custody of the mother. It is alleged that the father has continuously resided on the home place and that 'he has continuously supported his said family therefrom * * * and is supporting his said wife and child at the time of the filing of this bill of complaint." What-

ever may be the father's duty by order of court or otherwise to contribute to the support of the divorced wife, it is the father's duty to support the minor child and as to such minor child he is still the head of the family; and the award of the custody of the minor child to the custody of the mother does not change the relation of the father to his child even if he be not at any time awarded its custody. Under the circumstances of this case the father remains the head of the family of which the minor child is a member, even though for its welfare it is now in the custody of its divorced mother. The father's obligations to the child continue and the family home may be preserved for the father and minor child. The absence of the minor child from the father's home is decreed by law for her welfare and is not from her intent to sever the family relation to her father.

This holding is not regarded as being in conflict with the decisions on the facts in Herrin v. Brown, 44 Fla. 782, 33 So. R. 522, 103 Am. St. Rep. 182; Johns v. Bowden, 68 Fla. 32, 66 So. R. 155; and Murphy v. Farquhar, 39 Fla. 350, 22 So. R. 681, and other Florida cases.

TERRELL, C. J., AND ELLIS AND STRUM, J. J., concur.