44 So.2d 652 (1950)
ANDERSON
v.
ANDERSON.
Supreme Court of Florida, Special Division B.
January 10, 1950.
Rehearing Denied February 24, 1950.
*653 Birt C. Byrd, Jacksonville, for appellant.
Lewis Rhea Baxter, Jacksonville, for appellee.
REGISTER, Associate Justice.
The record for consideration of this case upon appeal was stipulated by attorneys for the respective parties to be substantially as follows:
1. Final decree of divorce, November 28, 1947, in addition to granting a divorce to the plaintiff in the Circuit Court, Lillie Mae Anderson, against the defendant Lee Anderson, which said parties will be hereinafter referred to as plaintiff and defendant respectively, ordered the defendant to pay to the plaintiff ten dollars per week for support of the two minor children of said parties; awarded complete custody of said two minor children of the parties, to the plaintiff; ordered that the certain real estate, a parcel 100 feet by 150 feet, owned by the parties as tenants by entirety, should be thenceforth held by them as tenants in common; and reserved jurisdiction in the said court to make such further order regarding said real estate as equity might require.
2. The defendant continued to live on said real estate and made payments on the mortgage against the same but paid nothing whatsoever to the plaintiff for the use of the property.
Further, the defendant paid no part of the amount of ten dollars per week and contributed nothing toward the support of the said two minor children up to the time the present case was instituted in the said Circuit Court.
Plaintiff remarried shortly after the divorce was granted and with the said minor children moved to another county. Defendant has not remarried and has no minor children with him.
3. On April 16, 1949, the plaintiff filed her petition against the defendant seeking judgment for $730 for seventy-three weeks of delinquent support money for said children and for further relief; the defendant contested said petition; upon hearing, the court entered judgment for the plaintiff for the sum of $730 for said support money and ordered execution on the judgment; execution was levied on the one-half interest of the defendant in said real estate and it was advertised for sale, defendant owning no other property upon which levy could be made; defendant claimed homestead exemption as against said levy and claimed $1,000 as personal exemption if the property should be sold; plaintiff filed a bill to subject said property to her judgment and to deny the defendant's claim of exemption.
The parties by their attorneys of record stipulated "that according to the law of Florida as announced in the case of Osceola Fertilizer Co. v. Sauls, 98 Fla. 339, 123 So. 780, defendant is the head of a family residing in Florida, despite the fact that the custody of the children was awarded to the plaintiff", and requested the Court to decide the case on the record and the testimony already in the case.
The defendant moved the Court to dismiss the cause, motion denied, defendant *654 answered, and the cause was argued and the Court entered an order decreeing the defendant's one-half interest in said property to be subject to the said $730 judgment and the levy thereunder, that said property was not exempt from forced sale nor would any part of the proceeds of such sale be exempt from satisfaction of said judgment.
Said order was dated July 14, 1949, and is set out in full in the said stipulated record of the case.
Appeal was duly taken to this court from the last mentioned order of said Circuit Court and the defendant (appellant) filed his assignments of error which stated in effect that the said Circuit Court erred in the entry of said order dated July 14, 1949, and with regard to all the substantial provisions thereof.
In giving proper consideration to this appeal, we shall first take up the question as to whether or not under the circumstances stated the said one-half interest of the defendant in said property was his homestead under Article X, Section 1, Florida Constitution, F.S.A.
Was the defendant the head of a family at the time of the entry of the order appealed from and the levy or threatened levy described in the stipulated record? Who is the head of a family within the meaning of Section 1, Article X of the Constitution of Florida exempting homesteads from forced sale must be ascertained from the facts of each case: DeCottes v. Clarkson, 43 Fla. 1, 29 So. 442. Caro v. Caro, 45 Fla. 203, 34 So. 309. Jetton Lbr. Co. v. Hall, 67 Fla. 61, 64 So. 440, 51 L.R.A.,N.S., 1121.
In the case of Osceola Fertilizer Co. v. Sauls, 98 Fla. 339, 123 So. 780, the husband and wife were divorced, the said wife and a minor child in custody of the mother moved away and the father remained on the country home place with a citrus grove thereon and "continuously supported" his said former wife and minor child from said home place, and this court held that the said father of said child was the head of a family consisting of himself and minor child and his home place was the homestead of the father as the head of a family.
In the said last mentioned case, not only was the father living on the home place but at the same time he was supporting his minor child and divorced wife from said home place. It should also be noted here that in the said Sauls case the said homestead was all the while being used for the sole benefit of the same family as before the divorce, and the claim against the home place was prosecuted by an outside creditor.
A married woman may be the head of a family. See Bigelow v. Dunphe, 144 Fla. 330, 198 So. 13, depending upon the facts and circumstances. Jones v. Federal Farm Mtg. Corp., 138 Fla. 65, 188 So. 804. And where the husband deserts his wife, leaving her in this state with dependent children she may constitute a head of a family. Jetton Lbr. Co. v. Hall, 67 Fla. 61, 64 So. 440, 51 L.R.A.,N.S., 1121.
In the late case of Olsen v. Simpson, Fla., 39 So.2d 801, this court, in a majority opinion expressed doubt that the husband was the head of a family, but would not disturb the holding of the Circuit Court on this point. In the Anderson case before us the facts stated in the stipulated record show a weaker case for a holding that the husband is the head of a family than in the Olsen case.
Certainly, the facts and circumstances of this Anderson case are inconsistent with any thought that the defendant is the head of a family or that there is a single member of a family dependent upon him for support. The mother of these two minor children is the head of this family consisting of said two children and mother and the stipulation of the parties that the defendant is "the head of a family" cannot be considered as controlling where the facts stipulated as a whole show that such stipulation is based upon a misapprehension of the meaning of the term "head of a family".
Furthermore, in the Anderson case before us the father of these children, in asserting a claim of homestead exemption, *655 is fighting to defeat the very purpose for which the Constitution provided homestead exemption, that is, he is seeking to defeat the support of his two children claimed to be his dependents, and the courts generally do not permit such conduct on his part. See the case of Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253, holding that in the decree of divorce the court could properly charge the home owned by husband and wife as an estate by entirety with the obligation of the husband to support his wife and minor children.
In the Anderson case under consideration the Circuit judge had retained jurisdiction with regard to the real estate and had power upon proper suit to charge the interest of the husband in the former homestead with the obligation to support his minor children or to order partition of the property, and the judgment that the plaintiff recover past due support money and that execution issue therefor was proper and valid. See the case of Pollack v. Pollack, hereinbefore mentioned, and see also the annotation in 130 A.L.R. 1028 where it is stated that "The Courts have taken the view that inasmuch as the purpose of the exemption statute is to protect not only the husband but also his family from destitution and becoming a public charge, the exemption statutes will not, unless the contrary intention is clearly shown, be construed to enable the husband to claim its benefit against the very persons to whom he owes the obligation of support and maintenance, and that to construe the statute otherwise would, at least in part, defeat its avowed object".
For the reasons and the interpretation of the law as hereinbefore stated, the defendant was not the head of a family, and even if he had been such his interest in the homestead would still have been subject to sale for the purpose of providing support money for his children.
Therefore, the order appealed from is hereby affirmed.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.

On Petition for Rehearing
Questions raised by the appellant in the petition for rehearing, so far as said questions are pertinent to a fair consideration and decision of this case, were disposed of by the original opinion filed herein on January 10, 1950, upon a reasonable study of said opinion and the citations referred to therein; but upon the request of appellant for a clarification of said original opinion in certain respects stated in appellant's petition for rehearing it might be observed:
That the recital in the original opinion that "the defendant paid no part of the amount of $10 per week and contributed nothing to the support of the said two minor children up to the time the present case was instituted in the Circuit Court" was intended to mean that the defendant had contributed nothing to the support of the children for the period of time beginning on the date of the decree of divorce on November 28, 1947, and extending to April 16, 1949, when the petition of plaintiff for a judgment to cover seventy-three weeks of support money at $10 per week was filed in Circuit Court.
And, further, as to the question of when the defendant ceased to be the head of a family, the record shows that from the time the divorced wife took custody of the children under the divorce decree and moved away with them the defendant contributed nothing to their support, though by order of court he was required to do so, and he exercised no authority or control over the children and extended no protection to them.
"To constitute a `head of a family' there must be at least two persons who live together in the relation of one family, and one of them must be the `head of that family.'" Johns v. Bowden, 68 Fla. 32, 66 So. 155, 159; Whidden v. Abbott, 124 Fla. 293, 168 So. 253; Moorhead v. Yongue, 134 Fla. 135, 183 So. 804, 805, 118 A.L.R. 1377. In the Moorhead v. Yongue case, above cited, this Court said:
"While the record shows that Yongue supported his parents, it fails to show that he was the head of a family. He did not *656 live with his parents. They had the home where they lived and he established his home away from his parents on the land involved."
It appears that the defendant ceased to be the head of a family when he surrendered the children to their mother following the divorce decree and failed to comply with the court's decree requiring him to contribute weekly to their support, he doing nothing further inconsistent with an abandonment by him of his former family relationships and responsibilities.
Rehearing denied.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.