## SEARS, ROEBUCK & CO. v. SANCHEZ, et al.

No. 113279.

Small Claims Court, Dade County.

December 2, 1963.

Philip Cook, Miami, for plaintiff.

Quentin T. Eldred, Legal Aid Society, Miami, for defendants.

Arthur D. Frishman, Miami Beach, for Playboy of Miami, Inc., garnishee.

SIDNEY L. SEGALL, Judge.

The writ of garnishment is dissolved and the garnishee is discharged.

The evidence is *legally sufficient* to sustain defendant judgment debtor's affidavit of exemption from garnishment under the applicable statute (F. S. 222.11).

The credible evidence and the law compels a finding that the co-defendant wife (joint judgment debtor) herein, in fact, is the head of the family saddled with the burden, and fulfilling the obligation, of providing support and maintenance of the minor children residing with her in the family relationship.

Although not factually analogous, Bigelow v. Dunphe (Fla.), 197 So. 328, is analogous in principle. There it was held that a wife may become head of a family where the husband is physically incapacitated, and unable to earn money for support of his minor children. The Florida Supreme Court has thus recognized and applied the fundamental principle which is implicit in the underlying philosophy of the law applicable to exemption claimed by the head of a family.

In granting the exemption herein the court is aware of the principle that the exemption privilege should not be permitted to be used as a mere subterfuge to defeat enforcement of a legal obligation and the ends of justice. Patten Package Co. v. Houser (Fla.), 136 So.353.

While this court recognizes the established principle of law that there can be but *one headship* in the family relationship, the court cannot ignore or disregard a particular set of circumstances which would thrust upon a wife the obligations of a husband and thus impose upon her the marital responsibilities as sole head of the family. See Jordon v. Jordan (Fla.), 132 So. 466.

The uncontroverted evidence herein shows that the other judgment debtor, Manuel Sanchez, husband and father, has deserted and abandoned his wife and minor children, diligent search and inquiry have failed to reveal his whereabouts. Although, under a normal marital situation, he (Sanchez) might claim exemption as head of the family, his legal duty to support would have to be implemented by performance of such duty in order that he (Sanchez) be legally entitled to exemption. Anderson v. Anderson (Fla.), 44 So.2d 652.