12

**In re PARRISH ESTATE.**

No. 28,204.

County Judge's Court, Orange County.

December 19, 1972.

Lloyd Campbell, Cocoa, and Thomas B. Tart of Gurney, Gurney & Handley, Orlando, for the petitioner.

John M. McCormick, Orlando, for the respondent.

GEORGE N. DIAMANTIS, Judge.

This matter came before me on December 14, 1972 upon the petition to determine status of property, reply to determine status of property, and petition for family allowance filed by Rossie Hendrickson, as guardian of Soloman Joseph Parrish; on that day the court heard testimony and received into evidence certain exhibits; and it also heard the respective arguments of counsel for the guardian and for the executrix, Clara Belle Anderson. The court

will first discuss the petition to determine status of property. This petition seeks to have certain real estate of the decedent declared homestead which was not subject to being devised under the last will and testament of the decedent, Soloman J. Parrish.

### I Petition to determine status of property

The decedent and Rossie Hendrickson, formerly Rossie M. Parrish, were married until July 2, 1971, when they were divorced. Decedent and Rossie Parrish, during their marriage, adopted as their only child, Soloman Joseph Parrish. They had no other children.

In a final judgment of divorce, dated July 2, 1971, Rossie M. Parrish was awarded custody of Soloman Joseph Parrish and the decedent was ordered to pay as child support the sum of $25 per week. The decedent, until his death in September of 1971, faithfully and promptly made the child support payments as required by such final judgment.

From July, 1971 until decedent's death on September 8, 1971, the then Rossie M. Parrish, decedent's former wife, and their minor child visited with decedent in his home approximately three to four times a week. During said visits, the decedent showed an interest in his child, who was then four years old and controlled and disciplined the child whenever it was necessary.

The home that decedent's former wife and child visited during July through September, 1971 was decedent's home and during the marriage it had been the marital or family home for decedent, his then wife, Rossie Parrish, and the minor adopted son, Soloman Joseph Parrish.

Soloman Joseph Parrish, prior to his adoption, was a grandchild of decedent's former wife, Rossie M. Parrish. The child was the child of a daughter of said Rossie Parrish. This daughter was born during a marriage of Rossie Parrish prior to the marriage into which she and decedent had entered.

On May 5, 1972, which was several month's following decedent's death, Rossie Parrish married her present husband.

Rossie Hendrickson is the duly appointed guardian of the property of Solomon Joseph Hendrickson under letters of guardianship issued on July 26, 1972 by the county judge's court of Seminole County.

The address of the property involved in the instant matter is 831 Winthrop Place in Orlando.

The sole beneficiary of decedent's estate, under a will dated May 14, 1971, is his sister Clara Belle Anderson, who is also executrix of his estate.

Since decedent left a minor child surviving him, Fla. Const. §4 (c), Art. X (1968) applies to the instant matter. In Re Estate of McGinty, Fla. 258 So.2d 450.

On the date of his death, the decedent was the head of a household and the subject property was homestead. See Brodgon v. McBride, Fla. 75 So.2d 770 (homestead found where subsequent to his divorce from his wife, decedent, pursuant to court order, supported their minor child of whom the wife had custody and even though his home was acquired subsequent to the divorce). Lockhart v. Sasser, Fla. 22 So.2d 763 (homestead found where the decedent had supported his wife and minor child following a separation under which the wife and minor child lived apart from the decedent). See also, Osceola Fertilizer Co. v. Sauls, Fla. 123 So. 780 (homestead protection afforded appellee from a judgment creditor, where appellee was divorced from his wife who had custody of a minor child and appellee supported said child).

In other words, it is not necessary that any dependent reside with the head of the family on the homestead property, but if he does not so reside with the head of the household, then the latter must not only be obligated to — *but must support such dependent.* Vandiver v. Vincent, Fla. App. 139 So.2d 704 at page 709. A case in which there was a failure to support the dependent was Anderson v. Anderson, Fla. 44 So.2d, 652. In *Anderson,* the appellant was ordered to pay child support for his minor child of whom his former wife had custody, and the appellant failed to pay such support. The court held he and his property lost their homestead protection from his former wife's claim of delinquent child support money.

In the instant case, the decedent, as he was legally obligated to do, did support his minor child. He also visited with this child and showed an interest in the child and when appropriate, disciplined the child. The instant case falls within the language and holding of Brodgen v. McBride, supra, 75 So.2d 770, where the court at page 771 stated —

> With reference to the first issue, the opinion of this court in the case of Osceola Fertilizer Co. v. Sauls, 98 Fla. 339, 123 So. 780, contains the following applicable statement:
>
> > "In this case the minor child is absent from the father's roof tree by order of the court, but she and society have the right to demand that he provide her with the necessities of life and such comforts as her station in life warrant, and the court may take judicial knowledge of the fact that the same authority which

> has removed the child temporarily from the physical control of the father may, by the simple process of signing a short order, return her to his roof tree at any time."

In that case, as in the present one, the father did as a matter of fact, continue to fulfill his parental obligation with respect to support and maintenance subsequent to the divorce decree awarding physical custody to the mother; and the conclusion of the court appears to be controlling: "Under the circumstances * * * the father remains the head of the family of which the minor child is a member * * * the absence of the minor child from the father's home is decreed by law for her welfare and is not from her intent to sever the family relation to her father."

The cases relied upon by the executrix do not apply. Passmore v. Morrison, Fla. 63 So.2d 297, involved a situation where the decedent and her husband, who predeceased her by some three months, had twice consented to the adoption of their child by the paternal grandmother, the child had a history of delinquency, this delinquency prevented the adoption, and the child had not lived at home or depended on his parents for support for more than two years at the time of his mother's death.

The cases of Barlow v. Barlow, Fla. 23 So.2d 723, and In Re Estate of VanMeter, Fla. App. 214 So.2d 639, involve situations where there is no minor child and the wife abandons her husband and his home and plans to seek a divorce. Under these circumstances, the wife is deemed to have waived her right to claim a homestead in her husband's home upon the latter's death.

Finally, the case of Olson v. Simpson, Fla. 39 So.2d 801, involved the situation where after the divorced wife remarried, she instituted proceedings to have the former jointly owned marital home in which she and her minor children had resided, partitioned and sold. The court held there was no homestead protection to the proceeds from the former wife's claim as an assignee of certain judgments against her former husband, since such proceeds were personalty. The court, however, did find that the husband, because of his obligation to support his minor children, was a head of a family and entitled to the one thousand dollar personal property exemption.

## II Petition for family allowance

The second petition before this court is for a family allowance for decedent's minor child from September, 1971 through September, 1972.

§733.20(1)(d), Florida Statutes, authorizes this court, upon a proper showing of necessity, to award a family allowance in a sum not to exceed $1,200 payable in equal periodic payments.

The testimony conclusively shows that Rossie Hendrickson incurred expenses of approximately $1,000 during September, 1971 through September, 1972 on behalf of the minor child who is not in good health. However, the testimony showed that during that period of time she received in the form of veterans' benefits, social security, and death benefits from the decedent's employer at last $1,800 and probably closer to $2,000. These benefits were received by her on behalf of the minor child.

There is a complete lack of proof showing the requisite necessity under §733.20(1)(d) and, consequently, said family allowance is denied. In re Estate of Sacks, Fla. App. 267 So.2d 888, at page 889.

It is accordingly ordered and adjudged —

(1) The petition to determine status of property is granted and the property described as —

Lot 18, Block C, Orlando Highlands Number Four Replat, according to the plat thereof recorded in Plat Book R, page 49, Public Records of Orange County, Florida, and being further designated as 831 Winthrop Place, Orlando, Florida.

is determined to be homestead property descending to Soloman Joseph Parrish, the sole heir at law of decedent, Soloman J. Parrish, and said real property is set aside to Soloman Joseph Parrish, the only child and heir of said decedent.

(2) The petition for family allowance is denied.