297 So.2d 611 (1974)
In re the ESTATE OF Frank C. DEEM, Deceased, Appellant,
v.
Cynthia Deem SHINN and Sharon Deem Fallon, Appellees.
No. 73-1272.
District Court of Appeal of Florida, Fourth District.
July 12, 1974.
Eric R. Jones of Hedman & Cossaboom, Melbourne, for appellant.
Hubert C. Normile, Jr., of Nelson & Normile, Melbourne, for appellees.
WALDEN, Judge.
This is a homestead problem. Was Frank C. Deem the head of a family at the time of his death? If the answer is "yes", the decedent's real estate is homestead and descends to lineal descendants, per F.S. 731.27, F.S.A., Laws of 1971,[1] and *612 Florida Constitution, Article X, § 4(c), F.S.A.[2] His lineal descendants are his minor daughter, Sharon,[3] and his adult daughter, Cynthia. If the answer is "no", then the real estate is not homestead and is transmitted under the terms of the decedent's Will, per F.S. 731.05, F.S.A., Laws of 1971.[4]
Historically, the two daughters were born during the course of the marriage between Mr. and Mrs. Deem. The Deems thereafter separated and became divorced with Mrs. Deem and the daughters living in Massachusetts and Mr. Deem living in Florida. Subsequent to the divorce, Mr. Deem purchased the Florida property in question and lived on it as his home place. Neither the former Mrs. Deem nor the daughters ever lived on the contested premises. Further, Mr. Deem never directly or indirectly supported his minor daughter, Sharon. Moreover, he affirmatively refused and evaded his support obligation to his family. His Will did specifically disinherit his daughters.
The trial court determined that:
"Since the property was homestead and since the homesteader had a minor child at the time of his decease the homestead was not subject to devise."
The estate appeals. We affirm.
The parties posture the point as follows:
"Whether or not a divorced, unremarried man who lives alone and who provides no support, control, guidance or authority whatsoever over any person, including his minor daughters whom he has not seen or communicated with for many years, can be `head of a family' in the constitutional sense for establishing his property as his homestead."
And what are the attributes of the head of a family?
Such person must have at least "(1) a legal duty to maintain arising out of the family relationship; [or] (2) a continuing communal living by at least two individuals under such circumstances that one is regarded as the person in charge." Brown v. Hutch, 156 So.2d 683 (2d D.C.A.Fla. 1963). See In re Estate of Wilder, 240 So.2d 514 (1st D.C.A.Fla. 1970). It is clear from the facts that there was not such communal living as would satisfy number 2, just above. Thus, our problem resolves itself down to a decision under number 1, above  did the decedent have a legal duty to maintain arising out of a family relationship?
In looking for an answer certain cases shed light upon the issue.
Osceola Fertilizer Co. v. Sauls, 98 Fla. 339, 123 So. 780 (1929) dealt with an analogous situation. A divorced husband had a minor child who resided with the mother. When his property was levied upon by a judgment creditor, Sauls raised the defense *613 of homestead. The court accepted the defense and held:
"Can it be said that Sauls is not liable for the necessities of life for his minor child, though the custody of such child has been awarded to the mother? The homestead exemption is for the benefit of the head of a family that such head of the family may not be deprived of the means of supplying the necessities of life to those who are because of the standing in the relation of wife or children dependent upon such head of the family for support." 123 So. at 780.
A case which at first blush seems to disagree with Osceola is Anderson v. Anderson, 44 So.2d 652 (Fla. 1950), in which a husband failed to pay any child support. The wife obtained a judgment, executed against his property and, although the husband claimed homestead, the court found it was not homestead property. The Anderson court based this on a finding that the husband was not the head of a family:
"It appears that the defendant ceased to be the head of a family when he surrendered the children to their mother following the divorce decree and failed to comply with the court's decree requiring him to contribute weekly to their support, he doing nothing further inconsistent with an abandonment by him of his former family relationships and responsibilities." Id. at 656.
While it must be fairly recorded that Osceola and Anderson reach opposite results, it is felt that Anderson is truly explained and placed in the exception category because of estoppel and equity features. In Anderson the person claiming the existence of homestead was employing the very concept of the homestead law as a tool or device to defeat the meritorious claims for child support being made by those for whom the homestead law was intended to benefit. Thus, as between the two cases, we believe that Osceola projects the correct mid-line approach in applying the law of homestead.
We now examine In re Estate of Van Meter, 214 So.2d 639 (2d D.C.A.Fla. 1968) aff'd 231 So.2d 524 (Fla. 1970). In Van Meter the husband totally provided the wife (under a separate maintenance decree) with a separate home and financial support. The court denied the wife her claim that the property owned and occupied by the husband at his death should pass to her as homestead, and held that the husband was not the head of a family:
"[A] wife, in order to acquire homestead under the Florida Constitution when there are no other dependents, must not only survive her husband, but the family relationship of husband and wife must have existed at the time of the husband's death, and the property must also have been occupied at the time of his death by the family, of which he was the head." (Emphasis added.) Id. at 641.
The distinction is that herein we are concerned with the legal obligation to support a child  and no precedent exists to require a child to live with the person who is the head of the family in order to render the latter's property homestead.
Full well appreciating that the disposition we make ignores the clear testamentary wishes corroborated by his lifetime conduct to the effect that his lineal descendants would not receive his assets, we are of the opinion that there exists a more imperative overriding concept. It is written clearly that the homestead law is to be construed liberally for the benefit of those whom it was designed to protect. Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931); Hill v. First Nat'l Bank, 79 Fla. 391, 84 So. 190 (1920); Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912); Thomas v. Craft, 55 Fla. 842, 46 So. 594 (1908). See, 16 Fla.Jur. Homesteads, § 4 (1957). And it was designed to protect those whom the decedent had a legal duty to support, arising out of a family relationship. Applying this to the instant case, Mr. Deem had a duty to support his *614 minor daughter, Sharon, and hence the property was homestead and should descend to Mr. Deem's lineal descendants.
Affirmed.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] "731.27 Descent of homesteads.  The homestead shall descend as other property; provided, however, that if the decedent is survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent."
[2] "Art. X, 1968 Constitution.

"Section 4. Homestead; exemptions. 
* * * * *
"(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law." (Emphasis supplied.)
[3] See In re Estate of McGinty, 258 So.2d 450 (Fla. 1971) in which the constitutional provision disallowing homestead devise if the owner were survived by a widow or minor child was considered to be an exclusive statement and not enlarged by the provision in F.S. 731.05, F.S.A., disallowing homestead devise if the owner were survived by a widow or lineal descendants. Sharon Deem was a minor at the time of Mr. Deem's death.
[4] "731.05 Property which may be devised. 

"(1) Any property, real or personal, held by any title, legal or equitable, with or without actual seisin, may be devised or bequeathed by will; ... ."