**In the Matter of Phyllis Rae ESTRIDGE fka Phyllis Rae Freda, Debtor.**

**Bankruptcy No. 80–680 C.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Dec. 29, 1980.

Phyllis Rae Freda, debtor.

Gordon H. Coffman, Fort Myers, Fla., for debtor.

Diane Jensen, Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration is a right of Phyllis Rae Estridge formerly known as Phyllis Rae Freda, the Debtor involved in the above-captioned Chapter 7 case to exempt certain property from liquidation. The claim of exemptions is challenged by the Trustee on the ground that she does not qualify for exemptions under the applicable local law, Art. X, Fla. Const. ¶ 4 because she is not "head of a household." Inasmuch as Florida opted out and prohibited the use by its citizens of the newly created federal exemptions by § 522(d), 11 U.S.C. § 522(d) of the Bankruptcy Code are all her assets subject to liquidation if the trustee's contention is sustained. At the final evidentiary hearing there was no evidence presented by the Debtor and the parties stipulated to the following facts which, according to both, are controlling and determinative of this controversy.

The Debtor is a single woman having been divorced from her second husband since 1978. At the time she filed her petition she was living with her two minor children in Ft. Myers. The two children are from her first marriage. The Debtor receives $300 per month child support from her first husband. The first husband claims the children as his dependents on his tax returns. The Debtor also received in the past $400 in alimony from her second husband. She has recently married for the third time. At the time she filed her petition she was unemployed, although she had previously worked in a bank and earned $8,092 in 1979 and $1,295.92 in 1978.

The constitutional homestead provision of this State requires that the person claiming the exemption must be the "head of a family." It is the burden of the person claiming the exemption to demonstrate his or her entitlement to it. *Avila South Condominium Association, Inc. v. Kappa Corp.*, 347 So.2d 599 (Fla. 1976); *Matthews v. Jeacle*, 61 Fla. 686, 55 So. 865 (1911); 16 Fla.Jur. *Homesteads*, § 85 (1957).

The difficulty of determining who is the head of the family usually arises in a split family situation. It is recognized that a divorced father can be the head of a family for homestead purposes, even though his former wife has legal custody of the children. *Estate of Deem v. Shinn*, 297 So.2d 611 (Fla. 4th DCA 1974). As noted in *Brodgon v. McBride*, 75 So.2d 770 (Fla. 1954), a divorced father's separation from his children because legal custody has been granted to the mother does not evince the father's abandonment of the children; and, so long as he maintains his legal responsibilities to the children, he can lay claim to being the head of the family. See also, *Osceola Fertilizer Co. v. Sauls*, 98 Fla. 339, 123 So. 780 (1929). Cf. *Vandiver v. Vincent*, 139 So.2d 704 (Fla. 2d DCA 1962) (court held divorced mother head of household because husband did not reside in same state).

The scant evidence in the instant case shows that the Debtor was unable to support herself and her children at the time she filed her petition. She was unemployed, had no savings, and no significant assets. There is nothing to show that the father of the children has severed his ties with them; in fact, his payment of $300 per month child support indicates the contrary.

For the foregoing reasons this Court is satisfied that the Debtor has not sustained her burden of showing that she is the head of the family and the fact that she has actual physical custody of the children is, under the circumstances, without significance. Therefore, the Debtor is not entitled to the personal property homestead exemption provided by Article X, Section 4 of the Florida Constitution.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's objection to property claimed as exempt be, and the same hereby is, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the claimed exemption filed by the Debtor on her B–4 Schedule be, and the same hereby is, disallowed and the Trustee is directed to recover and administer the subject property for the benefit of the estate's creditors.