440 So.2d 584 (1983)
In re ESTATE OF Samuel J. MELISI, Deceased.
No. 82-975.
District Court of Appeal of Florida, Fourth District.
September 21, 1983.
On Rehearing December 7, 1983.
Joel M. Weissman of Sales & Weissman, P.A., West Palm Beach, for appellant  Virginia Melisi.
Sam D. Phillips, Jr., of Sam D. Phillips, Jr., P.A., and James F. Simpson, West Palm Beach, for appellee  Jo Ann Day.
DOWNEY, Judge.
The critical question involved herein is whether the real property in controversy was homestead and the decedent's interest therein not subject to devise because he was survived by a minor child.
*585 The stipulated facts reflect that as a result of the marital union between Samuel and Virginia Melisi a child, Michele, was born. In March, 1981, the marriage was dissolved and Virginia was awarded custody of the minor child, alimony, child support and exclusive possession of the jointly owned marital home, located at 182 Cypress Drive, West Palm Beach, Florida, until Virginia remarried or Michele reached majority. Virginia and Michele continued to reside in the marital home, and Samuel supported Michele until June 19, 1981, when Samuel died unmarried and without establishing another homestead. Prior to his death, on April 30, 1981, Samuel executed a will in which he devised all of his property to a friend, Jo Ann Day. The will of April 30th was admitted to probate, and Jo Ann Day qualified as personal representative.
In due course, Virginia filed a petition in the probate proceeding in which, among other things, she claimed the Cypress Drive property as homestead. Although her original petition contended that homestead property passed to both her and Michele, ultimately Virginia claimed the property passed to Michele as the minor child of the decedent.
The trial court granted a summary final judgment against Virginia as next friend of Michele, reasoning that (a) the property was not Samuel's homestead because he was living elsewhere at the time of his death, and (b) Samuel's estate could not be deprived of his beneficial interest in the property because the exclusive possession of Virginia and Michele terminated upon Samuel's death. From that judgment Virginia has perfected this appeal.
Article X, Section 4(c) of the 1968 Florida Constitution provides:
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
Assuming arguendo that Samuel's undivided one half interest in the Cypress Drive property was homestead, Article X, Section 4(c), quoted above, prohibits the testamentary disposition of that property in the event of his death if Michele was a minor at that time. Given the foregoing, we must determine if in fact and law the property was homestead.
In order for property to classify as homestead, the property must be the residence of either the owner or the owner's family and the owner must be the "head of a family." Nationwide Financial Corp. of Colorado v. Thompson, 400 So.2d 559 (Fla. 1st DCA 1981).
The usual factual situation giving rise to the establishment of a homestead finds the head of family as an owner residing upon the homestead parcel with an entity consisting of himself and at least one other person, living together in a family relationship. E.g., In re Estate of Van Meter, 214 So.2d 639 (Fla. 2d DCA 1968). The homestead character of the property is not abandoned when the owner involuntarily changes his residence, as in a case where an infirmity requires residence in a nursing home or hospital facility. 29 Fla.Jur.2d Homestead § 70. In the case of divorce, an owner may similarly be precluded from residing on the homestead with the family of which he is the head due to an award of exclusive possession to the other spouse. The Title Notes of the Lawyers' Title Guaranty Fund state:
The homestead has not been abandoned where the husband does not reside on the property at his death but his family has continuously lived on the property up to the time of his death. Burdick v. Burdick, 399 So.2d 410 (Fla. 3d DCA 1981). In order to support a claim of abandonment it must be shown that both the owner and the owner's family abandoned *586 the property. Nationwide Financial Corp. of Colo. v. Thompson, 400 So.2d 559 (Fla. 1st DCA 1981).
Title Funds Notes, Lawyers' Title Guaranty Fund, T.N. 16.01.01 (1976 as supplemented).
In Osceola Fertilizer Co. v. Sauls, 98 Fla. 339, 123 So. 780 (1929), the Florida Supreme Court stated:
"Though a man be divorced from his wife, and she entrusted by the decree with the custody of the children and possession of the home, his status as the head of a family is not lost nor his obligations to his children terminated, and his right to a homestead remains." (quoting Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S.W. 86 (1909).)
Regardless of the foregoing authorities, appellee contends here, as she did in the trial court, that the property in question is not homestead property because Samuel did not reside thereon at the time of his death. Apparently persuaded by that argument, the judgment appealed from bases its conclusion in part thereon. This we hold is error.
One of the purposes of homestead exemption is to benefit the head of a family so that he may not be deprived of the means of supplying the necessities of life to his wife and children and those dependent upon him for support. Osceola Fertilizer, supra. Thus it has been held that even when the head of the family is involuntarily living elsewhere, if he is the head of a family and maintains the family in his home his absence therefrom does not affect the homestead character of the property. Osceola Fertilizer, supra; Nationwide Financial, supra. The facts of the present case present a classical homestead situation in the context of divorced spouses with a minor child. The spouses who owned the marital home by the entireties became tenants in common upon divorce. The final judgment awarded custody to the wife together with alimony and child support and granted exclusive possession of the home to the wife and child until the wife remarried or the child reached majority. Accordingly, if Samuel was the head of the family at the time of his death his undivided one half of the property was homestead and he was prohibited from disposing of it by will during Michele's minority. Art. X, § 4(c), Fla. Const. (1968).
A second reason relied upon by the trial court for determining the property was not homestead is that the wife's exclusive possession of the property terminated upon Samuel's death and his estate was then entitled to Samuel's beneficial interest therein.
Generally, an award of exclusive possession of property, being in the nature of support, terminates at some point, as when the person providing support dies, the object of the support remarries, or when a child reaches majority. However, the termination of exclusive possession does not affect the homestead status of the property once the owner has died. Upon his death if he is the head of a family and the family resides on the property, the property is homestead and not subject to devise by the owner if he leaves either a spouse or minor child surviving. Art. X, § 4(c), Fla. Const.
Having ruled that the property was not homestead because Samuel did not reside there and the wife's exclusive possession terminated upon Samuel's death, the trial court never decided the question of whether in fact Samuel was the head of a family. That is a factual issue. Holden v. Estate of Gardner, 420 So.2d 1082 (Fla. 1982). There can be only one head of a family, but since Florida law now places the duty of support on both spouses, there is no presumption of headship in the husband. Holden, 420 So.2d at 1085 n. 4; Cory v. Parks, 386 So.2d 292 (Fla. 2d DCA 1980); see § 61.09, Fla. Stat. (1981). Thus, this case should be remanded to the trial court to make that factual determination. If the trial court finds that Samuel was the head of the family, then Samuel's undivided one half interest was homestead and could not pass under his last will and testament, dated April 30, 1981. See §§ 732.401 & 732.4015, Fla. Stat. (1981). On the other hand, if Samuel was not the head of the family, *587 the property was not homestead and its devolution is controlled by the will.
The judgment appealed from is reversed and the case is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
LETTS and GLICKSTEIN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant has asked this court to clarify the opinion filed September 21, 1983. We grant the motion and clarify the opinion by directing the circuit court on remand to determine whether Samuel J. Melisi had the status of the head of a family at the time of his death.
DOWNEY, LETTS and GLICKSTEIN, JJ., concur.