838 So.2d 653 (2003)
DEPARTMENT OF REVENUE o/b/o Vonkisha M. GREENE, Appellant,
v.
Malcolm F. BUSH, Appellee.
No. 2D01-1883.
District Court of Appeal of Florida, Second District.
February 28, 2003.
*654 Charles J. Crist, Jr., Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellant.
No appearance for Appellee.
FULMER, Judge.
The Department of Revenue (DOR) appeals the trial court's order declining to hold Malcolm F. Bush in contempt for failure to pay child support. DOR argues that the trial court violated Florida Family Law Rule of Procedure 12.491 by rejecting the hearing officer's recommended order in its entirety rather than exercising one of the options set forth in rule 12.491(f). We agree and, therefore, reverse.
This appeal arose out of contempt proceedings initiated by DOR against Bush after he failed to pay court-ordered child support. After a hearing, the hearing officer entered a recommended order, which was submitted to the trial court for approval. The order recommended that Bush be found in willful contempt for failure to comply with a prior support order because he was $8,274 in arrears as of January 25, 2001. The hearing officer also concluded that Bush "has had and does have the ability to have paid and to pay the same." No factual basis was set forth to support this conclusion.
The purge provision of the recommended order stated that Bush may purge the contempt by paying $50 on February 2, 2001, and $45 on or before February 16, 2001, toward arrears. The hearing officer found that Bush had demonstrated a present ability to purge the contempt "based upon the following findings of fact: $50.00 cash, watch worth $20.00 and a bicycle worth $25.00." In the event that Bush failed to timely pay the purge, the recommended order also outlined the procedures to be followed to enforce a deferred 179-day incarceration provision.
The trial court reviewed the hearing officer's recommended findings of fact and recommended order to hold Bush in contempt but entered an order declining to hold Bush in contempt. In its order, the trial court discussed three problems with the hearing officer's recommended order. The trial court first concluded that ownership of the watch and bicycle purportedly worth $45 did not satisfy Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), in that the personal property was not readily exchanged for legal tender in order to provide the ability to purge. The trial court next concluded that ordering deferred incarceration based upon the ownership of personal property valued at less than $1,000 would violate the homestead exemption for personal property under article X, section 4, of the Florida Constitution unless Bush was given an opportunity to claim the constitutional protection. Finally, the trial court observed that certain provisions of the recommended order give "the appearance *655 of a finding of indirect criminal contempt" instead of civil contempt.
All three of these perceived problems address the sanction recommended by the hearing officer. The trial court gave no reason for rejecting the adjudication of contempt. According to rule 12.491(f), "[u]pon receipt of a recommended order, the court shall review the recommended order and shall enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or refer the matter back to the hearing officer to conduct further proceedings." Here, the trial court chose none of the three alternatives. Rather than rejecting the entire order, the trial court should have amended the order, conducted further proceedings, or referred the matter back to the hearing officer to conduct further proceedings. Therefore, we reverse and remand for further proceedings.
Because we are remanding for further proceedings, we note a serious deficiency in the hearing officer's recommended order and our concern with two of the trial court's conclusions of law. The recommended order contained no findings of fact to support the recital that Bush "has had and does have the ability to have paid and to pay" the support previously ordered. And the scant findings that were recited regarding Bush's employment are insufficient insofar as no dates and places of employment are identified. In Gregory v. Rice, 727 So.2d 251 (Fla.1999), the supreme court reviewed the provisions of rule 12.491 and reiterated the necessity for recommended orders to contain detailed findings of fact to support the hearing officer's recommendation because the trial court's review of the recommended order is confined to the findings made by the hearing officer unless a party moves to vacate the order. If a motion to vacate the order is filed, only then must the trial court review the entire record of the proceedings before the hearing officer. Thus, the absence of detailed findings of fact precludes proper review of the recommended order by both the trial and appellate courts in cases where no motion to vacate is filed.
With respect to the trial court's conclusions of law, it appears that the trial court was troubled by the contemplation in the recommended order that personal property be sold to generate funds to pay the purge. However, Bowen provides: "In determining whether the contemnor possesses the ability to pay the purge amount, the trial court is not limited to the amount of cash immediately available to the contemnor; rather, the court may look to all assets from which the amount might be obtained." 471 So.2d at 1279. The trial court was also of the view that Bush's personal property was subject to homestead exemption protection. We question whether Bush would qualify to invoke the homestead exemption, but even if he did, it would not automatically shield his property. The homestead exemption is not generally construed to defeat obligations for family support. "[T]he exemption statutes will not, unless the contrary intention is clearly shown, be construed to enable the husband to claim its benefit against the very persons to whom he owes the obligation of support and maintenance...." Anderson v. Anderson, 44 So.2d 652, 655 (Fla.1950) (citation and quotation marks omitted).
Accordingly, we reverse and remand for further proceedings consistent with this opinion and the provisions of rule 12.491.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., concur.