DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAMELA B. STUART,** individually and as Trustee of
The J. Raymond Stuart Revocable Trust dated January 2, 1990, as
amended, and the Marital Deduction Trust and the Non-Marital
Deduction Trust created thereunder,
Appellant,

v.

**CATHERINE S. RYAN** and **DEBORAH A. STUART,** as Beneficiaries of
The J. Raymond Stuart Revocable Trust dated January 2, 1990, as
amended, and the Marital Deduction Trust and the Non-Marital
Deduction Trust created thereunder,
Appellees.

No. 4D16-3921

[November 29, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox and Paul B. Kanarek, Judges; L.T. Case No. 31-2013-CA-001523.

Pamela B. Stuart, Vero Beach, pro se.

David P. Hathaway of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for appellees.

KUNTZ, J.

Pamela Stuart appeals the court's order approving a plan of distribution for her father's estate. Ms. Stuart argues the court erred when it determined that, while she qualified for the exemptions our state constitution provides to residents over their homestead, her wrongful acts as trustee of the estate required the imposition of an equitable lien against her homestead interest. We agree the equitable lien would have been improper if the properties were, in fact, her homestead. However, here, neither property was Ms. Stuart's homestead. Therefore, we affirm.[1]

---

[1] We affirm all other issues raised on appeal without further comment.

Florida's homestead exemption is robust, and the Florida Constitution provides that "[t]here shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon . . . the following property owned by a natural person . . . (1) a homestead." Art. X, § 4(a)(1), Fla. Const. Pursuant to our constitution, this homestead protection can only be breached in limited situations: "(1) government entities with a tax lien or assessment on the property; (2) banks or other lenders with a mortgage on the property which originated from the purchase of the property; and (3) creditors with liens on the property which originated from work or repair performed on the property." Art. X, § 4(a), Fla. Const.

We are required to liberally apply the homestead exemption and strictly construe the exceptions. *Butterworth v. Caggiano*, 605 So. 2d 56, 58, 61 (Fla. 1992) (citations omitted). Therefore, the availability of exceptions not found in the constitution is questionable. However, it is true that, as we recently recognized, our supreme court created a fourth exception for alimony creditors. *See Spector v. Spector*, 226 So. 3d 256, 259 (Fla. 4th DCA 2017) (citing *Anderson v. Anderson*, 44 So. 2d 652 (Fla. 1950)). And, what appear to be other exceptions can be found in various cases throughout our state's history. *See, e.g., Caggiano*, 605 So. 2d at 60–61 n.5. But, as the court explained in *Caggiano*, each of those situations is factually distinct and nearly all involve application of the homestead exemption in a manner that complies with the plain language of our constitution. *Id.* ("Most of those cases involve equitable liens that were imposed where proceeds from fraud or reprehensible conduct were used to invest in, purchase, or improve the homestead. . . . Other relevant cases cited involve situations where an equitable lien was necessary to secure to an owner the benefit of his or her interest in the property."). The court's skepticism regarding the availability of additional exceptions is not surprising, as both the legislature and the courts are powerless to create exceptions to Florida's homestead exemption not found in our constitution. *Id.* at 61.

Therefore, we would limit the exceptions to the constitutional homestead exemption to those specifically stated in the Florida Constitution and, because we are compelled to do so, those specifically recognized by the Florida Supreme Court. *See, e.g. Palm Beach Sav. & Loan Ass'n, F.S.A. v. Fishbein*, 619 So. 2d 267, 270 (Fla. 1993); *see also Anderson*, 44 So. 2d at 652.

But, whether or not the court in this case had the authority to impose the equitable lien against Ms. Stuart's purported homestead interest in the property presumes it was her homestead. In this case, the availability of

2

an exception is unnecessary, as the court incorrectly determined the property was her homestead. Ms. Stuart testified that she had a Florida driver's license, was registered to vote in Florida, and joined a community church in the area. While she testified that she "intended" to make her permanent residence in Florida at some point in the future, she also testified that she spent an average of only fifty-nine days in the state each year from 1998 through 2013. Her current permanent residence is in Washington, D.C., and she executed a reversible mortgage on that property as recently as 2013. Notably, she was simultaneously seeking to have the court determine two separate pieces of property in Florida as her homestead. *See* Art. VII, § 6(b), Fla. Const. ("Not more than one exemption shall be allowed by any individual or family unit . . . ."). Nevertheless, her principal residence being in the District of Columbia, Ms. Stuart was not entitled to the benefits of Florida's homestead protection.

The court erred in its conclusion that due to Ms. Stuart's wrongful actions an equitable lien could be imposed on her homestead property. Instead, the equitable lien could be imposed because Ms. Stuart was not a permanent resident entitled to claim the benefits of the homestead exemption. Therefore, the court's order is affirmed.

*Affirmed.*

LEVINE and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3