386 So.2d 292 (1980)
Opal CORY, Appellant,
v.
Charles O. PARKS, Jr., Gardner W. Beckett, Jr., Daniel D. Krass, and Caroline E. Gibbs, Appellees.
No. 79-2114.
District Court of Appeal of Florida, Second District.
July 23, 1980.
A.T. Cooper III, Largo, for appellant.
Gardner W. Beckett, Jr., pro se, of Nelson, Beckett & Nelson, St. Petersburg, for appellees.
BOARDMAN, Judge.
Opal Cory appeals a final summary judgment in an action she brought to quiet title to certain real property. We reverse.
Appellant raises three points, only one of which we find to have merit, and we will recite only the facts pertinent to this point.
In 1972, Myrtle Wood Krass executed a warranty deed of the property in dispute from herself to herself and appellant as joint tenants. At the time of the conveyance, Myrtle Wood Krass was married to Daniel Krass, and they occupied the property as their marital home. Mr. Krass did not join in the execution of the deed.
The trial court ruled, solely on the basis of the facts set forth above, that "Myrtle Wood Krass was a joint or equal `head of a household'" within the meaning of the homestead law, that the property was therefore homestead property not subject to alienation, and that the deed in question was therefore void.
Article X, Section 4(c) of the Florida Constitution provides: "The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift... ." (Emphasis added). Section 4(a) defines homestead as certain property "owned by the head of a family." Thus, the issue before the trial court was whether Myrtle Wood Krass was "the head of a family."
In Brown v. Hutch, 156 So.2d 683 at 684-685 (Fla. 2d DCA 1963), this court stated:
Generally, a family, for homestead purposes, includes at least two persons living together as one family under direction of one of them, who is recognized as the "head of the family." Hussa v. Hussa, *293 Fla. 1953, 65 So.2d 759; 16 Fla. Jur., Homesteads, section 28, page 291. For determination of the existence of a family relationship, there are, in Florida, two basic recognized tests to be met, either singly or in combination: (1) a legal duty to maintain arising out of the family relationship; (2) a continuing communal living by at least two individuals under such circumstances that one is regarded as the person in charge. Crosby and Miller, Our Legal Chameleon, 2 Fla.L.Rev. 24; Beck v. Wylie, Fla. 1952, 60 So.2d 190; 16 Fla. Jur., Homestead, section 27, page 290.
For homestead purposes there can be only one head of a family. Solomon v. Davis, 100 So.2d 177 (Fla. 1958); Anderson v. Garber, 183 So.2d 693 (Fla. 3d DCA), cert. denied, 188 So.2d 820 (Fla. 1966). The determination of family headship has always involved a factual inquiry, In re Estate of Wilder, 240 So.2d 514 (Fla. 1st DCA 1970); see Beck v. Wylie, 60 So.2d 190 (Fla. 1952), and cases cited therein, and this must certainly be true in the case of a family consisting solely of a husband and wife now that the presumption that the husband is the head of the family has been abrogated by the amendment in 1971 of Section 61.09, Florida Statutes to place a duty of support upon both spouses. There being a genuine issue of material fact to be resolved, summary judgment should not have been granted. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
We have examined the other points raised by appellant and find them to be without merit.
Accordingly, the order of final summary judgment appealed is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and DANAHY, J., concur.