**In the Matter of Ervin A. and Mary C. SZUETS, Debtors.**

**Bankruptcy No. 82–627.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Aug. 19, 1982.

Chris Larimore, Bradenton, Fla., for debtors.

Jary C. Nixon, Tampa, Fla., for trustee.

### ORDER ON TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER in controversy is a claim of exemptions asserted by the above-named Debtors who claim as exempt certain funds they hold in two IRA accounts. It is the Trustee's contention that such funds on deposit are not exempt inasmuch as there is no specific Federal Statute which provides for federal exemptions of an IRA account, nor do the Constitution, Art. X, § 4 or the Statutes of the State of Florida, exempt an IRA account. Realizing this, counsel for the Debtors filed an amendment to Schedule B–4 and now claims that these funds are exempt as "wages" under § 222.11, Fla. Stat., which exempts wages of the head of a household.

The facts controlling the resolution of this controversy are without dispute and appear to be as follows:

Mr. and Mrs. Szuets, the Debtors, lived in Connecticut until April of 1980 when they moved to Florida. While in Connecticut, they opened three accounts with the brokerage house of Merrill Lynch, Pierce, Fenner & Smith, Inc. One was a general trading account; the others were an IRA account for Mr. Szuets and one for Mrs. Szuets. The IRA account of Mr. Szuets was opened in 1979, the account of Mrs. Szuets either in 1976 or 1977. The balance in the account of Mr. Szuets on the date he filed his petition for relief was $3,000 plus earned interest.

It is without dispute that the funds deposited in the account came from his wages, albeit, at least the initial $1,500 came from wages earned by him while he lived in Connecticut and was paid by a Connecticut employer. While it is unclear when the second $1,500 deposit was made, and what part may have been derived from wages earned by him, it is clear that at least until 1980 he had some income from other sources which was also deposited initially in his checking account and later transferred into the IRA account. There was only one deposit made in the account opened by Mrs. Szuets in the sum of $1,500 and on the date of filing, there was a balance of the initial deposit and interest earned of $1,650.

After the Debtors moved to Florida, they purchased a business known as Decorama, a business which they operated as a corporation until the business ceased to operate when they filed their voluntary petition under Chapter 7. It is without dispute that both Mr. and Mrs. Szuets were on the payroll of the corporation and that their funds were co-mingled, and there is no evidence in the record from which one could determine what part if any represents the part of Mr. Szuets' earnings.

This is the factual background against which this Court is called upon to determine the exemption claim of these Debtors.

■ In order to resolve this controversy, the initial inquiry must begin, of course, with the analysis of the true nature of the funds now on deposit in the two IRA accounts. This is so because if the funds on deposit are not wages, they are not within the protective provisions of Chapter 222.11, Fla. Stat. It is the contention of the Debtors that these monies represent wages and, therefore, are exempt by virtue of Fla. Stat. § 222.11 which exempts wages of a head of a household. The difficulty with the proposition urged by the Debtors is two-fold. First, it is clear and it is without dispute that at least the initial deposit by Mr. Szuets in his IRA account were monies earned by him while living in the State of Connecticut and paid by a Connecticut employer. It needs no elaborate citation of authority to establish the obvious that the wage exemption provided by the Statutes of this State was designed to protect wages of residents and citizens of this State and not wages earned by one who at the time relevant was not a resident and citizen of this State and whose wages were not paid by a Florida employer.

■ Second is the true nature of the deposit made by Mr. Szuets while living in Florida, which belies the wage exemption claim advanced by the Debtors. In support of the contention that the funds deposited in the account retained their character of wages, the Debtor cites the case of *First Prudential Bank v. Rolle,* 45 Fla.Supp. 128 (1976), where the Circuit Court for Palm Beach County held that wages do not lose their wage character and remain exempt even if they are placed in an IRA account. The Circuit Court cited several non-Florida decisions to the same effect. The holding in this case does not present a persuasive and controlling precedent and there are several higher authorities which hold that once funds are deposited in the bank, they lose their character as wages although admittedly they were derived from wages and even though they are properly identified as the very monies derived from wages. Thus, in the case of *Holmes v. Blazer Financial Services,* 369 So.2d 987 (Fla. 4th DCA 1979), the Court of Appeals held that money deposited in the bank account of a judgment debtor was subject to garnishment by a

judgment creditor, despite a contention that such money was paid to the debtor for personal services and was, therefore, exempt from garnishment by statute as money due for personal labor or services of one who is head of family residing in state. The Court held that such money was not due for personal services, but was payable to him by the bank.

Even assuming, but not admitting that the second deposit placed in the IRA account retained its identity as "wages", this Court is not satisfied that they are sufficiently identified as monies derived from earnings of the head of the household in light of the fact that they were commingled with funds of Mrs. Szuets who admittedly was never the head of the household and also funds earned by Mr. Szuets, which were not derived from wages. Of course, most of the monies deposited in Mrs. Szuets account cannot be claimed as exempt even assuming that they represent her "wages" simply because the wage exemption provided by § 222.11, Fla. Stat. exempts only wages of a head of a household and she is clearly not the head of the household.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claimed Exemptions be, and the same hereby is, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the claim of exemptions of the Debtors be, and the same hereby is, disallowed and the property scheduled is hereby subject to administration.