420 So.2d 1082 (1982)
Robert HOLDEN, Petitioner,
v.
ESTATE OF Mary Lee GARDNER, a/k/a Mary Lee Holden, Respondent.
No. 61397.
Supreme Court of Florida.
August 26, 1982.
Rehearing Denied November 16, 1982.
*1083 James H. Earp, Jacksonville, for petitioner.
Harry Katz, Jr. of Katz & Katz, Jacksonville, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the First District Court of Appeal reported as Holden v. Estate of Gardner, 404 So.2d 1169 (Fla. 1st DCA 1981), concerning a homestead claim by a surviving husband against his wife's estate. The district court of appeal found that no homestead existed because the wife was not the head of the household and certified the following question to be one of great public importance:
Whether the prohibition against the devise of homestead property contained in Article X, Section 4(c) of the Florida Constitution applies only to situations where the deceased owner, who is survived by a spouse, is the head of the family?
We have jurisdiction under article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
The facts are undisputed. Robert Holden and his wife, Mary Lee Gardner Holden, resided on real property owned solely by Mary until her death in October, 1979. It was stipulated that the husband, the petitioner here, was the head of the family. In her will Mary devised her real property, including the marital home, to her sister. The husband brought this action against his wife's estate, asserting that the marital home constituted "homestead property" and that the devise of the home was void under article X, section 4(c), Florida Constitution.
The trial court rejected the husband's claim that the residence was homestead property. On appeal, the district court, in a well-reasoned opinion, affirmed, holding that because the wife was not head of the family, the marital residence was not homestead property within the meaning of article X, section 4(c), and therefore could be devised without restriction.
The petitioner recognizes that the availability of homestead status is traditionally limited to property owned by the head of the family. In determining whether a person is the head of a family, Florida courts have long used a test which requires a showing of either: (1) a legal duty to support which arises out of a family relationship, or (2) continuing communal living by at least two individuals under such circumstances that one is regarded as in charge. Killian v. Lawson, 387 So.2d 960 (Fla. 1980); Solomon v. Davis, 100 So.2d 177 (Fla. 1958); Beck v. Wylie, 60 So.2d 190 (Fla. 1952); Heard v. Mathis, 344 So.2d 651 (Fla. 1st DCA 1977); Brown v. Hutch, 156 So.2d 683 (Fla.2d DCA 1963). While the former requirement looks to a "family in law," the latter looks to a "family in fact," which arises out of a moral obligation to support. Smith v. Stewart, 390 So.2d 178 (Fla. 4th DCA 1980). Whether an individual is a head of family is a question to be resolved on the facts of each case. Nationwide Financial Corp. of Colo. v. Thompson, 400 So.2d 559 (Fla. 1981); Cory v. Parks, 386 So.2d 292 (Fla.2d DCA 1980).
The petitioner contends that the 1968 revision of the constitution and the passage of the Dissolution of Marriage Act in 1971[1] changed the established law concerning the traditional homestead requirement that the owner of the property be the head of the family. He asserts that, although in the *1084 past a wife had no legal duty to support her husband, the 1968 revision of the constitution made husbands and wives equal before the law, creating in each a reciprocal duty to support the other. He contends that because the law establishes this duty of support, support in fact is no longer an issue. Based on this reasoning, petitioner concludes that a homestead is created and its devise is limited when property is owned by a person who has a legal duty to support another arising out of a family relationship, regardless of whether that individual is in fact the head of the family. Petitioner further contends that the legislature, in adopting section 732.4015 of the Probate Code, Florida Statutes (1979)[2] eliminated the requirement that a decedent spouse who owned the marital home be the head of the family before restrictions on devise away from the other spouse would apply.
The respondent estate asserts that neither the 1968 constitutional revision nor the 1975 amendment to the Probate Code changed the law concerning the requirement that homestead property be owned by the head of the household.
We reject the petitioner's contentions and approve the decision of the district court of appeal.
The concept of homestead rights did not arise in the common law; rather, these rights, which restrict the alienability of private property, are a creation of constitutional and statutory law.[3] Because homestead provisions restrain the transfer of private property, such provisions are strictly construed. We reject the construction asserted by petitioner that any real property owned by either spouse, if used as the marital home, cannot be devised regardless of whether the owner was the head of family because that construction would substantially broaden the restraint on alienation of property separately owned by a spouse. We find no basis for such a construction, there being no such intent in the 1968 constitutional revision or the 1975 amendments to the probate code.
The homestead provision of article X, section 4, reads as follows:
Section 4.
HOMESTEAD  EXEMPTIONS. 
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
(2) personal property to the value of one thousand dollars.
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
*1085 It is important to read section 4 in its entirety. Subparagraph (a) provides that the homestead and personal property shall be exempt from forced sale and contains the requirement that the property be "owned by the head of a family." Subparagraph (b) provides that "these exemptions," referring to homestead rights in general, shall inure to the surviving spouse or heirs of the owner who is a head of family. Subparagraph (c), the provision in issue in this proceeding, begins with the phrase, "The homestead shall not be subject to devise... ." We believe that this refers to homestead as it is otherwise used in section 4. To adopt the construction suggested by the petitioner would create two distinct definitions of homestead; one definition under subparagraphs (a) and (b) of section 4, and another definition under subparagraph (c) concerning the devise of the homestead.
The type of substantial change envisioned by petitioner was neither considered nor presented to the people when this constitutional provision was submitted for ratification. An analysis of the proposed revision of article X, section 4(c), as prepared by the Legislative Reference Bureau for public distribution prior to the adoption of the 1968 constitution, contained the following explanation:
Subsection (c) generally restates present Section 4 of Article X except that the devise of homestead would be prohibited if the owner is survived by "spouse or minor child," rather than the present "children." In addition, the right of a married owner to directly transfer by deed the title of the homestead to himself and his spouse as an estate by the entirety would be given constitutional status. Also the Legislature would be directed to provide a method of alienating or encumbering homestead property where either the owner or spouse is incompetent.
Draft of Proposed 1968 Constitution, July 20, 1968, at 17: Florida State Archives RG 005, Series 725, Box 1, file 19. This analysis reflects that the amended homestead provision was clearly not intended to apply in the broad manner contended by the petitioner.
We find that the use of "homestead" in section 732.4015 refers to "homestead" as that term is used in the Florida Constitution. There is no showing that the legislature intended to change the case law definition of head of family to expand the homestead restriction to devises made by an owner of a home who is not in fact the head of the family.
The presumption that the husband is the head of family has been abrogated by the 1971 amendment to section 61.09, Florida Statutes.[4] The head of the family may be either the husband or the wife and the determination of who is the head of family is a factual one. This does not mean that the concept of homestead property has been broadened to include property not previously determined to be homestead.
In the instant case, it was stipulated that the husband was the head of family. We necessarily conclude that Mary Lee Gardner, a/k/a Mary Lee Holden, was not the head of family and, therefore, article X, section 4(c) of the Florida Constitution did not restrict her devise of the marital property owned by her to her sister. The certified question having been answered in the affirmative, we approve the decision of the district court of appeal.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and McDONALD, JJ., concur.
SUNDBERG and EHRLICH, JJ., dissent.
NOTES
[1] The Act allows alimony from either spouse and charges each spouse with an equal duty to support the children of the marriage. §§ 61.08, .09, .13(1), Fla. Stat. (1979).
[2] Section 732.4015, adopted in 1975, reads: "Devise of homestead.  As provided by the Florida Constitution, the homestead shall not be subject to devise if the owner is survived by a spouse or minor child, except that the homestead may be devised to the owner's spouse if there is no minor child."
[3] Note, Our Legal Chameleon is a Sacred Cow: Alienation of Homestead under the 1968 Constitution, 24 U.Fla.L.Rev. 701 (1972).
[4] Section 61.09 of the Florida Statutes places a duty of support on both spouses. This has been construed as abrogating the presumption that the husband is the head of family. Cory v. Parks, 386 So.2d 292 (Fla.2d DCA 1980).