SCHWARTZ, Chief Judge.
Dr. Desvarieux’s estate challenges an order setting aside a parcel of Dade County real estate as homestead in favor of his two minor children by his ex-wife. It was stipulated that, at the time of his death, the decedent lived on the property in question which was titled in his name, and that he regularly made the $70.00 per week per •child payments required by a New York *1091 divorce decree for the support of his two girls, who resided with their mother in New York City; accordingly, he named the children as his dependents on his income tax returns, indicating that he contributed more than half of their support.
These facts clearly show that Dr. Des-varieux was properly regarded as the head of a “family in law” arising out of the legal duty to support his children which he in fact discharged, and thus that the home was properly adjudicated as homestead under article X, section 4(c), Florida Constitution. Holden v. Estate of Gardner, 420 So.2d 1082 (Fla.1982);[1] see In re Estate of Schorr, 409 So.2d 487 (Fla. 4th DCA 1981). Indeed, in Estate of Deem v. Shinn, 297 So.2d 611 (Fla. 4th DCA 1974), which is the very definition of an a fortiori case, the court reached this conclusion on facts very much like these, even though, unlike Dr. Desvarieux, the decedent there completely refused to acknowledge his obligations to his child and made no contributions at all to her support. In the light of the undisputed facts and the established law, the result reached below is so plainly and inarguably correct that this appeal must be regarded as completely frivolous.[2]
Affirmed.

. The court said:
In determining whether a person is the head of a family, Florida courts have long used a test which requires a showing of either: (1) a legal duty to support which arises out of a family relationship, or (2) continuing communal living by at least two individuals under such circumstances that one is regarded as in charge. Killian v. Lawson, 387 So.2d 960 (Fla.1980); Solomon v. Davis, 100 So.2d 177 (Fla.1958); Beck v. Wylie, 60 So.2d 190 (Fla. 1952); Heard v. Mathis, 344 So.2d 651 (Fla. 1st DCA 1977); Brown v. Hutch, 156 So.2d 683 (Fla. 2d DCA 1963). While the former requirement looks to a "family in law,” the latter looks to a "family in fact,” which arises out of a moral obligation to support.
420 So.2d at 1083.

. We are frank to say that we have prepared this opinion rather than the "per curiam affirmed” the appeal so richly deserves so that the trial court may be aware of our views when the time comes to award fees for the administration of the estate.