PER CURIAM.
Jon M. Reichenbach appeals from a final judgment in favor of Chemical Bank of New Jersey [Chemical Bank] and against the Miami Dolphins, Ltd., as garnishee. We reverse and remand.
Chemical Bank obtained a foreign judgment in the amount of $921,299.65 against Jon M. Reichenbach, a professional football player. The judgment was domesticated in Florida. Chemical Bank filed an emergency motion for a continuing, post-judgment writ of garnishment seeking any monies that the Miami Dolphins owed Reichenbach. The trial court issued a continuing writ of garnishment on December 17, 1991. On January 6, 1992, Reichenbach filed a motion to dissolve the writ of garnishment alleging that the monies subject to Chemical Bank’s garnishment represented his wages, which were exempt from garnishment under sections 222.11 and 222.12, Florida Statutes (1991). Along with his motion, Reichenbach filed affidavits by himself and his wife alleging that he was a Florida resident and the head of a household. On January 7, 1992, the Miami Dolphins filed an answer to the continuing writ of garnishment indicating that they were holding $30,209.22 of Reiehenbach’s salary.
On January 23, 1992, Reichenbach filed a motion to enjoin continuance of garnishment proceedings and enforce exemption arguing that since Chemical Bank had failed to deny the exemption claimed by Reichenbach the writ of garnishment had to be dissolved. On April 14, 1992, the trial court agreed and dissolved the writ of garnishment and enjoined further proceedings. Then, on April 17, 1992, the trial court granted Chemical Bank’s ex parte motion for rehearing on the motion to enjoin continuance of garnishment proceedings and enforce exemption. The motion alleged, inter alia, that Reichenbach no longer resided in Florida. The trial court also entered a second continuing writ of garnishment dealing with the same monies involved in the first writ of garnishment.
The Miami Dolphins filed an answer stating that they were still holding the monies even though Reichenbach was no longer their employee. Reichenbach moved to dissolve the writ of garnishment on the grounds that the trial court previously determined that the monies were exempt from garnishment. Reichenbach did not file any affidavit. The trial court denied his motion and entered a final judgment awarding to Chemical Bank the $80,209.22 being held by the Miami Dolphins. Reichenbach appealed.
Reichenbach contends that the money garnished constituted his wages as head of a household and were thus exempt from garnishment. We agree.
Florida law exempts from garnishment the wages of a head of a household. § 222.11, Fla.Stat. (1991). As required by section 222.12, Florida Statutes (1991), Reichenbach filed affidavits by himself and his wife stating that he was a Florida resident and the head of a household, that he was employed by the Miami Dolphins, and the monies owned to him by the Miami Dolphins were his wages. Chemical Bank never filed an affidavit denying the factual allegations in the two Rei-chenbach affidavits as required by section 222.12. Thus, the trial court properly dissolved the first continuing writ of garnishment and enjoined continuance of garnishment proceedings as to the $30,209.22 held by the Miami Dolphins.
The trial court, however, erred when it issued the second continuing writ of garnishment. The monies garnished as a result of the second writ of garnishment were the exact same monies which had already been determined to constitute exempt wages when the first writ of garnishment was dissolved. In fact, the trial court granted the second writ of garnishment and at the same time it granted rehearing on the motion *579 to enjoin continuance of garnishment proceedings. Thus, the trial court improperly allowed two writs to be active at the same time.
Moreover, it is irrelevant that Rei-chenbach no longer resides in Florida, since at the relevant time, Reichenbach was a Florida resident and the head of a household. The purpose of section 222.11 is to protect wages earned by one who at the time relevant is a resident or citizen of Florida. See In re Szuets, 22 B.R. 805, 806 (M.D.Fla.1982). The record establishes that at the time the wages were earned, Reichenbach was a Florida resident and the head of a household. Reichenbach did not need to refile the affidavits because his exempt status was already a matter of record. Thus, the $30,209.22 constituted exempt wages and could no longer be the subject of a garnishment.
For these reasons, we find that the trial court further erred when it entered its final judgment against the Miami Dolphins. This cause is reversed and remanded to the trial court with instructions to dissolve the second writ of garnishment and release the monies to Reichenbach.
Reversed and remanded with instructions.