DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENA J. ULISANO,**
Appellant,

v.

**FREDERICK ULISANO, III** a/k/a **RICK ULISANO**
and **MOREDIRECT, INC.,**
Appellees.

No. 4D14-2786

[January 7, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 13-025513 CACE (14).

Bryce Gilbert of Gilbert & Caddy, P.A., Hollywood, for appellant.

Allison L. Friedman of Allison L. Friedman, P.A., Aventura, for appellee.

GROSS, J.

We write to address appellant's claim that the head of family exemption from a continuing writ of garnishment is not available to debtors residing out of state. After a 1993 amendment to the applicable statute, the statutory exemption applies to Florida residents and non-residents alike.

Dena Ulisano ("Creditor") obtained a final judgment against Frederick Ulisano III ("Debtor"). To collect on the judgment, Creditor secured the issuance of a continuing writ of garnishment pursuant to section 77.0305, Florida Statutes (2013). The writ ordered Debtor's employer, Moredirect, Inc., to withhold no more than 25% of the Debtor's "disposable earnings."

Debtor timely filed a claim of exemption and request for hearing pursuant to section 77.041(1), Florida Statutes (2013). Debtor claimed an exemption as a head of household, since he provided more than one half support for three dependents: a seven year old child, an eighteen year old child, and an unemployed spouse. He further stated that his net earnings exceeded $750 per week, but he had not agreed in writing to have his wages garnished.

At the hearing on the exemption, Creditor argued that Florida's head of household exemption did not apply because Debtor was no longer a Florida resident. Debtor testified that he had lived in South Carolina for seven years and that he supported two children and his wife, a stay at home mother. He said that he was the family's sole source of income.

The judge dissolved the continuing writ of garnishment, finding that Debtor qualified for the head of household exemption.

On appeal, Creditor argues that the claim of exemption should not have been granted because the head of household garnishment exemption does not apply to non-residents. We reject this contention because Creditor relies on an outdated version of the statute.

Section 222.11, Florida Statutes (2013), provides a garnishment exemption for the head of a family. This section exempts the head of family's disposable earnings of $750 a week or less from garnishment and likewise exempts disposable earnings greater than $750 per week, unless the debtor agrees to waive the protection from garnishment in writing. § 222.11(2)(a)-(b), Fla. Stat. (2013). Since the exemption's purpose "is to prevent the families of debtors from becoming public charges," it should be liberally construed in favor of the debtor. *Killian v. Lawson,* 362 So. 2d 1007, 1007 (Fla. 4th DCA 1978). A debtor claiming the head of family exemption has the burden of proving entitlement to this statutory exemption. *See Brock v. Westport Recovery Co.,* 832 So. 2d 209, 211 (Fla. 4th DCA 2002). The court looks at the totality of the circumstances to determine whether the exemption is applicable. *Id.*

In this case, Debtor claimed a "head of family" exemption as a "natural person who is providing more than one-half of the support for a child or other dependent." § 222.11(1)(c), Fla. Stat. (2013). Debtor does not dispute that he has lived in South Carolina for the past seven years; he correctly points out that the current version of section 222.11 applies the exemption to non-residents of Florida.

Prior to 1993, section 222.11 included the following language:

No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family **residing in this state**, when the money or other thing is due for the personal labor or services of such person.

- 2 -

§ 222.11, Fla. Stat. (1991) (emphasis added). In 1993, the statute was amended and the requirement that the head of family "resid[e] in this state" was removed. *See* Ch. 93-256, § 2, Laws of Fla. The current version of section 222.11 refers to the "head of a family" without geographical limitation. In construing section 222.11, "our first obligation is to give the words used by the legislature their plain meaning." *Mazzella v. Boinis,* 617 So. 2d 1156, 1157 (Fla. 4th DCA 1993). By removing the phrase "residing in this state," the plain language of the statute applies the exemption to *both* non-resident and resident heads of family.

The cases relied upon by Creditor predate the 1993 amendment to the statute. *See Reichenbach v. Chem. Bank of New Jersey,* 623 So. 2d 577, 579 (Fla. 3d DCA 1993); *In re Szuets,* 22 B.R. 805, 806 (M.D. Fla. 1982).

We have considered the remaining issue and find no abuse of discretion in the trial court's refusal to enter a default against the Garnishee, Moredirect, Inc.

*Affirmed.*

DAMOORGIAN, C.J., and MAY, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***