[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10102

Non-Argument Calendar

_____

MONY LIFE INSURANCE COMPANY,
f.k.a. The Mutual Life Insurance Company of New York,

Plaintiff-Counter Defendant-Appellee,

*versus*

BERNARD R. PEREZ,

Defendant-Counter Claimant-Appellant,

NEW ENGLAND CLAIMS ADMINISTRATION SERVICES,
INC.,
Disability Management Services, Inc.,

2                    Opinion of the Court                24-10102

Counter Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02031-WFJ-TGW

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Bernard Perez appeals the denial of his request for a head of household exemption from garnishment because his live-in girlfriend did not qualify as a dependent. We affirm.

Following a jury trial, the district court entered judgment against Perez. Mony Life Insurance sought writs of garnishment against Perez's bank and employer. Perez claimed several exemptions from garnishment, including that he was a head of household.

The magistrate judge held a hearing on the exemption. Perez testified that he had been dating his girlfriend for three years and living with her for 18 months. He provided more than one-half of her financial support each month because he paid for her housing, self-care products, food, and utilities, and he drove her to work. The couple provided emotional support to each other and treated each other like spouses. His girlfriend held the same full-time job

24-10102                Opinion of the Court                3

she had before meeting him, her paystubs and W-2 were sent to her old address, and she maintained a bank account to which Perez did not have access. He testified that she was able to sustain herself before meeting him, but at a much different level.

The magistrate judge denied the exemption because Perez's relationship with his girlfriend did not constitute a "family in fact." The magistrate judge found that they cohabitated and provided each other with emotional support and that he paid for her expenses and drove her. But he explained that they had only lived together for a little over a year and that she was previously able to support herself. The district court adopted the magistrate judge's order over Perez's objection and entered final judgments of garnishment.

A mixed question of law and fact is one where the court applies the law to established facts. *Lincoln v. Bd. of Regents of Univ. Sys. of Ga.*, 697 F.2d 928, 940 n.15 (11th Cir. 1983). The appropriate standard of review for a mixed question depends on "whether answering it entails primarily legal or factual work." *U.S. Bank N.A. v. Village at Lakeridge, LLC*, 583 U.S. 387, 396 (2018). We apply *de novo* review when the question requires a court to "expound on the law" and clear error when the question requires a court to "marshal and weigh evidence, make credibility judgments, and otherwise address . . . multifarious, fleeting, special, narrow facts that utterly resist generalization." *Id.* (internal quotation marks and citation omitted). A district court clearly errs when "although there is evidence to support it, the reviewing court on the entire evidence is left with

the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted).

"Whether an individual is a head of family is a question to be resolved on the facts of each case," *Moore v. Moore*, 334 So. 3d 382, 383 (Fla. Dist. Ct. App. 2022) (quoting *Holden v. Gardner's Est.*, 420 So. 2d 1082, 1083 (Fla. 1982)), considering the totality of the circumstances, *Ulisano v. Ulisano*, 154 So. 3d 507, 508 (Fla. Dist. Ct. App. 2015). The party claiming the exemption bears the burden. *Moore*, 334 So. 3d at 383. The exemption is liberally construed in favor of the debtor. *Ulisano*, 154 So. 3d at 508.

To qualify for a head of household exemption, a party must prove they provide "more than one-half of the support for a child or other dependent." Fla. Stat. § 222.11(1)(c). The statute does not define "other dependent." *Mazzella v. Boinis*, 617 So. 2d 1156, 1157 (Fla. Dist. Ct. App. 1993). An unmarried person can claim the exemption. *See id.* The parties agreed below that an individual is a head of household where there is either "a legal duty to support" or "continuing communal living by at least two individuals under such circumstances that one is regarded as in charge." *Holden*, 420 So. 2d at 1083. The latter "family in fact" arises from "a moral obligation to support." *Id.*

The parties dispute the appropriate standard of review. Perez argues we should review the district court's decision *de novo* because it concluded as a matter of law that his girlfriend did not constitute a dependent, while Mony Life Insurance argues that the

district court engaged in a factual finding reviewed for clear error. The district court found that Perez and his girlfriend did not constitute a "family in fact," under the totality of the circumstances. *Ulisano*, 154 So. 3d at 508. We review that fact-intensive inquiry for clear error. *See Village at Lakeridge*, 583 U.S. at 396.

The district court did not clearly err in finding that the relationship was not a "family in fact." It is not clear Perez had a moral obligation to support her. *See Holden*, 420 So. 2d at 1083. The district court considered Perez's arguments that he paid for many of her expenses, drove her to work, and provided emotional support to her. But it found that the couple had only recently begun cohabitating and that Perez admitted that his girlfriend could support herself. We are not left with a definite and firm conviction that the district court made a mistake in finding that Perez's relationship with his girlfriend did not form a "family in fact." *Anderson*, 470 U.S. at 573.

Additionally, Perez's argument that the order discriminated against unmarried couples fails because it did not categorically exclude their unmarried relationship from being a "family in fact."

We **AFFIRM** the denial of the exemption.