**In the Matter of Marcia SHAPIRO, Bankrupt.**

**Bankruptcy No. 79-893-BK-SMA-B.**

United States Bankruptcy Court, S. D. Florida.

Nov. 26, 1979.

Daniel L. Bakst, West Palm Beach, Fla., for trustee.

Bruce W. Parrish, Jr., West Palm Beach, Fla., for bankrupt.

### ORDER ALLOWING EXEMPTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

Under the provisions of B.R. 403, the trustee reported that the bankrupt's claim of exemption of certain personal property of a total value of $1,100 is not allowable, because "the bankrupt is not the head of a household". (C.P. No. 13) The bankrupt has objected to that report. (C.P. No. 14) The matter was tried before me on November 20, 1979. The Florida Constitution, Art. 10, § 4(a)(2) exempts from the process of any court personal property to the value of $1,000 "owned by the head of a family". The evidence before me establishes that the personal property involved in this instance has a value of less than $1,000, because some of the property is subject to a lien in favor of a third party. The sole issue, therefore, is whether the bankrupt was the head of a family on July 23, 1979, when this petition was filed.

The bankrupt was divorced in 1974. She was given custody of a child, now 11 years old, who resides with the bankrupt in a townhouse owned by her mother, through a corporation. The mother occupies a separate residence. The bankrupt receives $145 a week in alimony and support from her former husband, whose payments are current. At the time of bankruptcy, the bank-

rupt was unemployed. She had last worked for a business broker who paid her between $175 and $200 a week. Before that she had operated, with others, a business printing t-shirts. That business was dissolved about four months before bankruptcy.

The bankrupt is obligated to pay rent to her mother in the amount of $255 a month. She has made three payments out of the last eighteen. She is obligated for the remainder. She receives some additional financial assistance from her fiance who lives with her.

■ A divorced wife with custody of a minor child may qualify as the head of a household if at least part of the support provided for the child is provided by the wife. *Anderson v. Anderson*, Fla.1950, 44 So.2d 652, 655; *Vandiver v. Vincent*, Fla. App.1962, 139 So.2d 704, 708. It is not clear to me whether the degree of support provided must be more than half the cost of providing for the child. What is clear is that the homestead exemption must be construed "liberally in the interest of the family and in favor of the person entitled to them".

■ While the issue appears to me to be a close one in this instance, I find that the support provided for the bankrupt's minor daughter in the amount of $65 a week is not sufficient to provide substantially all the support for this child; that the remainder of the support is provided by the bankrupt, and that the bankrupt in fact is the head of a family and therefore entitled to claim the personal property exemption asserted in this case.

The objection to the trustee's report on exemptions is sustained and the exemptions are allowed.