**In re Sonia JACOBSON, Debtor.**

**Bankruptcy No. 84–02082–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 19, 1985.

Thomas R. Lehman, Miami, Fla., for trustee.

Timothy J. Norris, Miami, Fla., for debtor.

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came before the Court to consider objections raised to the Debtor's claimed exemptions. The Court, having heard the testimony and examined the evidence presented, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

The Trustee of this Debtor's estate timely filed objections to the claimed exemption of personal property. The Trustee bases her objections on two grounds: The Debtor is not the head of a family, and the value of the personal property exceeds the $1,000 exemption permitted by Florida law to the head of a family. Both parties agree that the value of the property exceeds $1,000. Accordingly, the only issue before the Court is whether the Debtor is the head of

a family under Article X, Section 4, of the Florida Constitution.

The Debtor is married to Dr. Robert Jacobson. Dr. Jacobson and the Debtor have one son, age 14. For the past three years, the Debtor and her husband have been involved in divorce proceedings and the two live separately. During the week, their son lives with the Debtor in her apartment. On weekends, the son stays with his father. The child also spends vacations with his father.

Dr. Jacobson provides the Debtor with $4,500 per month for temporary alimony. In addition, Dr. Jacobson provides the Debtor with $2,500 per month in child support for their son. The monthly child support and temporary alimony payments fully meet the cost of supporting the Debtor and her son. The Debtor has been unemployed for four years and does not contribute any funds for the support of her son.

Both the Debtor and Dr. Jacobson supervise their son's education, health and general upbringing. Neither parent is solely in charge of raising the child.

Finally, the Court notes that Dr. Jacobson filed a voluntary petition for relief on May 18, 1983. In his schedules, Dr. Jacobson has claimed the benefit of the exemptions available to the head of a family in the State of Florida. This claim of exemption as the head of a family passed unchallenged in Dr. Jacobson's bankruptcy case. Consistent with his claim as head of a family, Dr. Jacobson lists his son as a dependent on his federal income tax returns; the Debtor does not.

In determining the meaning of the head of a family, the courts of the State of Florida have applied two alternative tests by which a person claiming head of family status must show: (1) a legal duty to support arising out of the family relationship at law; and/or (2) continuing communal living by at least two persons with one person recognized as being in charge. *Killian v. Lawson*, 387 So.2d 960 (Fla.1980). Clearly, it is the Debtor's husband, Dr. Jacobson, who satisfies the first test and not the Debtor: all the support for the

Debtor's son is paid by Dr. Jacobson. In fact, pending resolution of the couple's divorce proceeding, Dr. Jacobson is obligated to provide for the support of their son.

Thus, the question is whether it is the Debtor who is the one person recognized as being in charge of her son's upbringing. The evidence indicates that neither parent is the one person in charge of the son's upbringing: both the mother and the father supervise the son's education, recreation, health and other matters relating to his general upbringing. Dr. Jacobson testified that decisions relating to raising the child are reached by consensus between the Debtor and himself, and this is not disputed by the Debtor.

The Court finds that Dr. Jacobson, and not the Debtor, is the head of a family composed of the Debtor, Dr. Jacobson, and their son. The fact that Dr. Jacobson does not live with his son, full-time does not preclude a finding that he is the head of the family. *Killian v. Lawson,* 387 So.2d 960 (Fla.1980); *Osceola Fertilizer Co. v. Sauls,* 98 Fla. 339, 123 So. 790 (1929). Moreover, a wife's custody of a minor child, alone, is not a sufficient basis for finding that the role of head of family rests with the wife—she must also contribute some support for the child. *Matter of Estridge,* 7 B.R. 873 (Bkrtcy.M.D.Fla.1980); cf. *Matter of Shapiro,* 2 B.R. 28 (Bkrtcy.S.D.Fla.1979). Therefore, the Debtor is not entitled to the personal property homestead exemption provided by Article X, Section 4, of the Florida Constitution.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's objections to property claimed as exempt be, and the same hereby is, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the claimed exemption filed by the Debtor on her B–4 Schedule be, and the same hereby is, disallowed, and the Trustee is directed to recover and administer the subject property for the benefit of the estate's creditors.